## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun Paving, Inc.

    v.

Fort Beauregard
Development Corp. et al.

           Case No. CH. 13078

Charles Le Morzellec,
t/a C & C Roofing

    v.

Fort Beauregard
Development Corp. et al.

           Case No. CH 13082

Thomas E. Ott,
t/a Ott Brothers

    v.

Fort Beauregard
Development Corp. et al.

           Case No. CH 13097
           February 16, 1993

BY JUDGE THOMAS D. HORNE

These cases are before the Court based upon the Complainants' Bills of Complaint, Complainants' Motions to declare certain items admitted, and Defendants' Answers. The sole issue in these cases concerns the enforceability of a waiver of mechanic's liens contained in paragraph 18 of the contracts at issue. The waiver contained in paragraph

18 is a full and complete waiver by the Subcontractors of the right to claim and enforce any mechanic's liens.

The Complainants argue that the waivers of mechanic's liens are unenforceable because the contracts themselves cannot be enforced by the Defendants. The Complainants argue that because Defendant Fort Beauregard Corporation breached its contracts with the Complainants by nonpayment, the Defendants cannot enforce the contracts to their benefit to prevent the Complainants from enforcing mechanic's liens. The Defendants argue that the waiver contained in paragraph 18 is severable from the remainder of the contract and is completely enforceable.

The Virginia Supreme Court previously addressed this precise issue in *VNB Mortgage Corporation, etc., et al. v. Lone Star Industries, Inc., et al.*, 215 Va. 366 (1974). In that case the contract contained an express waiver of mechanic's liens similar to the waiver in the present case. The Supreme Court held that the waiver provision was an independent covenant whereby the contractor waived any right to file a mechanic's lien in the event of nonpayment. Id. at 369. The Supreme Court held that the breach of the contract by the owner by failure to pay did not cancel the waiver, and the waiver remained enforceable. *Id.*

The Court finds the waiver in paragraph 18 of the contracts at issue in the present case severable from the remainder of the contracts. Accordingly, the waivers by the Complainants remain enforceable. The Complainants contractually waived their rights to mechanic's liens in the present cases. The breach of the contracts by Defendant Fort Beauregard Development Corporation do not affect the enforceability of the waivers of mechanic's liens.